UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN MERCHANT, | 23-CV-9216 (KMW) |
| Movant, | 18-CR-0527 (KMW) |
| -against- | ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

KIMBA M. WOOD, United States District Judge:

On October 19, 2023, the Clerk's Office of this court opened this new civil action under

28 U.S.C. § 2255. The initial submission docketed in the action is a letter, submitted by Sean

Merchant, and originally received by the Court. Merchant was the defendant in *United States v.*

*Merchant*, No. 18-CR-0527-2 (KMW) (S.D.N.Y. Oct. 14, 2021). In the criminal matter,

Merchant pleaded guilty to sex trafficking of children, and the Court sentenced him to 196

months' incarceration on October 12, 2021. *See id.* (Doc. No. 266). The Clerk of Court entered

judgment on October 14, 2021, and Merchant did not appeal the judgment. In his recent letter to

the Court, Merchant requests a reduction of his sentence.

As discussed in this order, the Court notifies Merchant that should he seek to challenge

the constitutionality of his sentence, he must submit a motion under Section 2255 within 60 days

of the date of this order, on or before December 31, 2023. In the alternative, if Merchant seeks

only a modification of his sentence under 18 U.S.C. § 3582, he first must exhaust his

administrative remedies with the Federal Bureau of Prisons ("BOP"). If Merchant seeks only

modification of his sentence, he must notify the Court within 30 days of the date of this order, on

or before December 1, 2023 and the Court will direct the Clerk of Court to dismiss this action

without prejudice to any future Section 3582 motion Merchant may want to pursue in his criminal case.

## DISCUSSION

**A.     Section 2255**

Section 2255 is "the proper vehicle for a federal prisoner's challenge to his conviction and sentence," *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001), and such a motion must be filed within one year of the date a defendant's judgment becomes final. In cases where a defendant does not appeal his judgment of conviction, the "judgment becomes final when the time for filing a direct appeal expires." *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). The time for filing a direct appeal from a conviction expires 14 days after entry of judgment. *See* Fed. R. App. Proc. 4(b)(1)(A)(i).

The Clerk of Court entered Merchant's judgment of conviction on October 14, 2021, and his judgment of conviction became final on October 28, 2021. As his time to file a Section 2255 motion expired one year later, on October 28, 2022, any Section 2255 motion Merchant seeks to pursue would be untimely. If Merchant does seek relief under Section 2255, he may complete the attached motion form and state facts showing cause why the motion should not be denied as time barred.

**B.     Section 3582**

Merchant states in his letter that he seeks a reduction of his sentence. A request for a modification of a sentence must be raised under 18 U.S.C. § 3582(c), in a motion filed in the criminal case.[1] Should Merchant intend to pursue this relief, he first must exhaust the BOP's

---

[1] A sentencing court may modify a sentence:

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the

failure to bring a motion seeking modification on his behalf. *Id.* After exhausting such remedies fully, he may seek this relief in his criminal case by showing that "extraordinary and compelling reasons warrant such a reduction." *Id.*

Any request for a modification of Merchant's sentence would be premature, as Merchant's letter does not suggest that he exhausted the above-described remedies with the BOP. If Merchant seeks this relief, he must notify the Court within 30 days, and the Court will dismiss this action without prejudice to his seeking such relief in his criminal case, following his exhaustion of his remedies with the BOP.

## CONCLUSION

The Court grants Merchant 60 days' leave to submit a motion under Section 2255. The motion must be submitted to this Court's Pro Se Unit and bear the same docket number as this order. A Motion Under 28 U.S.C. § 2255 form is attached to this order. If Merchant fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the action will be dismissed without prejudice to any future Section 2255 motion Merchant seeks to pursue.

In the alternative, if Merchant seeks only modification of his sentence under Section 3582, he must notify the Court within 30 days of the date of this order, and the Court will direct the Clerk of Court to dismiss this action without prejudice to any future Section 3582 motion Merchant may want to pursue in his criminal case.

---

extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 1, 2023
      New York, New York


                 _____/s/ Kimba M. Wood /_____
                    KIMBA M. WOOD
            United States District Judge